UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BALDIOSERA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:24-cv-02416 DJC AC PS<br><br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff sues the People of the State of California, Mathew Samuel Adler (public defender at state court trial), Hunter Jacqueline Burnette (district attorney at state court trial), Janice M. Williams (state court judge), Bryan J. Kim (state court judge), David Lim (district attorney), and Gerrie Lexing-Davis (Fairfield Police Department personnel) in connection with alleged

2

violations of his rights stemming from false allegations of domestic violence made against him and subsequent arrests and state court trials. ECF No. 1 at 2. Plaintiffs seeks payment of damages from Judge Bryan J. Kim for violations of constitutional rights pursuant to 42 U.S.C. §1983. ECF No. 1 at 3. Plaintiff brings causes of action under the criminal code against public defender Hellman (who is not named in the caption of the complaint), public defender Adler, district attorney Burnette, and Judge Janice M. Williams in relation to their conduct during his criminal hearings. ECF No. 1 at 4. Plaintiff sues district attorney David Lim for discrimination for refusing to respond to his Freedom of Information Act Request. Id. at 5. Finally, plaintiff sues defendant Lexing-Davis for negligence because she allegedly discarded his intake form. Id.

### C. Analysis

This complaint must be dismissed, for several reasons. First, plaintiff cannot pursue a lawsuit against defendants Kim and Williams, both state court judges, who were acting in their judicial capacities in connection to plaintiff's arrest and hearings. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991). Plaintiff does not make any allegations which would take the challenged actions of defendants Kim and Williams outside the scope of absolute judicial immunity. To the contrary, the allegations against them all involve actions taken while adjudicating matters related to plaintiff's domestic violence charges.

Second, plaintiff cannot sue the State itself or the State Courts, to the extent he is attempting to do so, because state courts are arms of the State, and the State is entitled to sovereign immunity under the Eleventh Amendment. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

Third, the referenced portion of the criminal code that plaintiff claims defendant Adler and Burnette violated, 18 U.S.C. § 2071, does not provide a private cause of action. "Criminal

3

proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Neither the Federal Criminal Code nor the California Penal Code establish any private right of action or can support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Amendment to redraft these claims as civil rights claims would necessarily fail, because prosecutors are entitled to absolute immunity for their prosecution of cases, Imbler v. Pachtman, 424 U.S. 409 (1976), and public defenders are not subject to liability under 42 U.S.C. § 1983 because they do not act "under color of law," Polk County v. Didson, 454 U.S. 312 (1981).

Fourth, as to defendant Lim, plaintiff does not state any legal claim. Though plaintiff uses the word "discrimination," the only factual allegation is that Lim refused to respond to a FOIA request. Plaintiff referenced and attached to the complaint a letter dated December 21, 2023, which states that the City of Fairfield received plaintiff's request for copies of reports, but was unable to produce some of the documents, citing a government code. Plaintiff does not allege any facts regarding any kind of discrimination. To the extent plaintiff intends to bring a FOIA claim against Lim, whether in his individual or official capacity, he cannot do so because "FOIA applies only to agencies of the executive branch of the United States government." Moore v. United Kingdom, 384 F.3d 1079, 1089 (9th Cir. 2004) (citing 5 U.S.C. §§ 551(1), 552(f)); see also Drake v. Obama, 664 F.3d 774, 785–86 (9th Cir. 2011) ("FOIA does not apply to any of the Defendants because they are all individuals, not agencies.... Thus, the District Court correctly dismissed Plaintiffs' FOIA causes of action for failure to state a claim.").

Fifth, most of plaintiff's claims, with the exception of the FOIA claim and negligence claim discussed below, arise from state court proceedings in which this federal court may not interfere. It is not clear from the complaint whether the criminal cases against plaintiff from which this lawsuit arises remained pending at the time the federal complaint was filed. If the state court actions were still pending at the time this complaint was filed, the doctrine of Younger abstention would apply. See Younger v. Harris, 401 U.S. 37, 43-45 (1971). This doctrine prohibits a federal court's interference with an ongoing state court case where the "pending state

4

proceeding… implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims." Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003).  Courts have regularly found Younger abstention appropriate where plaintiffs challenge eviction and unlawful detainer actions.  See, e.g., Penden v. Tariq Zaman, No. 2:23-cv-2165 KJM KJN, 2024 U.S. Dist. LEXIS 20137 at *3, 2024 WL 418648 (E.D. Cal. Feb. 5, 2024); Contreras v. MTC Fin., Inc., 2010 U.S. Dist. LEXIS 136795, 2010 WL 5441950, at *1 (N.D. Cal. Dec. 28, 2010); Wadhwa v. Aurora Loan Servs., LLC, No. 2:11-cv-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, 2011 WL 2681483, at *3 (E.D. Cal. July 8, 2011).  Where Younger applies, this court is divested of jurisdiction to hear any part of the action and the case must be dismissed. Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988).  This result is required even if the unlawful detainer action concluded after the filing of the federal complaint.  Id.[1]

Sixth and finally, considering the foregoing, plaintiff's claim of negligence against defendant Lexing-Davis is all that remains in the case.  Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction over supplemental state law claims if "the district court has dismissed all claims over which it has original jurisdiction."  The general rule is "when federal claims are dismissed before trial ... pendent state claims should also be dismissed." Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985).  Considering judicial economy, convenience, fairness, and comity, the court should decline to exercise supplemental jurisdiction over the negligence claim. Further, even if the court were to consider the negligence claim on the merits, plaintiff does not state a claim.  The elements of a negligence claim under California law are duty, breach,

---

[1] Alternatively, if the state court actions had concluded prior to filing of the federal complaint, this court's consideration of the matter would be barred by the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010).  The doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

1   causation, and injury.  Vasilenko v. Grace Family Church, 3 Cal. 5th 1077, 1083 (2017).
2   Plaintiff's only allegation against Lexing-Davis is that she "Discarded an official intake form
3   provided by the Fairfield Police Department Office" and she "failed to notify me for months
4   despite the intake form having my preference selection form of contacting me and despite having
5   provided my contact information several times over the course of a few months." ECF No. 1 at 5.
6   These allegations are vague and do not establish the necessary elements of a negligence claim.

7       For all these reasons, the complaint must be dismissed.  Leave to amend is not appropriate
8   because amendment would be futile.  See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.
9   Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the
10  court need not allow futile amendments).  No amendment could overcome the immunities that
11  shield the judicial defendants from suit as a matter of law.  Nor could amendment cure the fact
12  that there is no civil cause of action under the criminal code and that there is no FOIA cause of
13  action against an individual.  As noted above, amendment to restate the putative criminal claims
14  as civil rights claims would be futile, because prosecutors and public defenders cannot be liable
15  as a matter of law under 42 U.S.C. § 1983.  In sum, the facts and causes of action presented by
16  plaintiff do not present any conceivable federal question, and this court is prohibited from
17  interference with ongoing state court actions or actions or final state court judgments.
18  Accordingly, the complaint should be dismissed without leave to amend.

## II.  Pro Se Plaintiff's Summary

20      You are being granted in forma pauperis status and do not have to pay the filing fee.
21  However, the Magistrate Judge is recommending that the District Judge dismiss this case, for
22  several reasons.  Most importantly, state courts and judges cannot be sued in federal court.  Also,
23  federal courts cannot interfere in ongoing state criminal cases or overturn state court decisions.
24  Further, only the government can bring criminal causes of action.  If you disagree with this
25  recommendation, you may file objections within 21 days.

## III.  Conclusion

27      The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED.
28      Further, the undersigned RECOMMENDS that the complaint (ECF No. 1) be

1 DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and
2 because it brings claims against immune defendants.
3      These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days
5 after being served with these findings and recommendations, plaintiff may file written objections
6 with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document
7 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure
8 to file objections within the specified time may waive the right to appeal the District Court's
9 order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,
10 1156-57 (9th Cir. 1991).
11 DATED: October 16, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE